IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEPEDA BROUGHTON, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL ACTION NO. |
| | :: | 1:11-CR-130-AT-LTW |
| | :: | |
| UNITED STATES OF AMERICA, | :: | CIVIL ACTION NO. |
| Respondent. | :: | 1:12-CV-2217-AT-LTW |

## **FINAL REPORT AND RECOMMENDATION**

Movant, pro se, is a federal prisoner who has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 45 in 1:11-cr-130-AT-LTW.) On September 7, 2011, Movant entered a non-negotiated guilty plea to armed bank robbery and possession of a firearm by a convicted felon. (Docs. 6, 27-1.) On January 18, 2012, the Court sentenced Movant to 270 months of imprisonment, five years of supervised release, and a $300 special assessment. (Doc. 41.) Attorney Millie Dunn represented Movant.

Movant claims in his § 2255 motion that Dunn rendered ineffective assistance because she did not file an appeal as Movant instructed her to do. (Doc. 45 at 4.) In an affidavit in support of his motion, Movant avers that he wanted to appeal a particular issue regarding Respondent's power to prosecute him and instructed Dunn

immediately after sentencing to file the appeal. (Doc. 45-1.) The Court's docket confirms Movant's averments that no appeal was filed. The only relief Movant seeks in his § 2255 motion is an "out of time direct appeal."[1] (Doc. 45 at 11, 14.)

A criminal defense lawyer has an affirmative duty to meaningfully consult with her client regarding an appeal and to file an appeal if the client so requests, regardless of the merits of the appeal or whether the lawyer believes the appeal has any chance of success. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."); *Thompson v. United States*, 504 F.3d 1203, 1206-07 (11th Cir. 2007). The lawyer's duties regarding appeal are strict. If a defendant instructs his lawyer to file an appeal and the lawyer does not do so, "prejudice is presumed." *Gomez-Diaz v. United States*, 433 F.3d 788,

---

[1] In his affidavit, Movant appears to assert an additional claim regarding Dunn's alleged failure to inform him, prior to his guilty plea, that his sentence could be enhanced under the Armed Career Criminal Act. (Doc. 45-1 at 2.) No such claim appears in Movant's § 2255 motion, itself, however. (Doc. 45.) In any event, if the Court adopts this Report and Recommendation, it should dismiss without prejudice any such claims when it vacates and reimposes Movant's sentence "because 'collateral claims should not be entertained while a direct appeal is pending,' and '[o]nce the court has determined that the petitioner is entitled to a direct appeal, such an appeal is pending for all relevant policy purposes.'" *United States v. Frank*, 353 F. App'x 305, 307 (11th Cir. 2009) (quoting *McIver v. United States*, 307 F.3d 1327, 1332 n.2 (11th Cir. 2002)).

2

792 (11th Cir. 2005).

Given the importance of the appeal right as discussed in *Roe* and its progeny, and in the interest of judicial efficiency, the Court should exercise its discretion to grant Movant an opportunity to appeal his convictions and sentence. *See* Order, *Buxton v. United States*, No. 1:08-cr-500-CAP (N.D. Ga. Aug. 11, 2011) (granting such relief on § 2255 motion); Order, *Scott v. United States*, No. 1:06-cr-390-RWS (N.D. Ga. Sept. 22, 2008) (same).

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(I).

*United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000).

Accordingly, the undersigned **RECOMMENDS** that Movant's motion to vacate his conviction under 28 U.S.C. § 2255 [45] be **GRANTED** for the sole purpose of reinstating his appeal rights. To effectuate that relief, the undersigned **RECOMMENDS** that the Court, pursuant to *Phillips*,

1. **VACATE** the criminal judgment in this action;

2. **REIMPOSE** the sentence of imprisonment, supervised release, and special assessment imposed by this Court on January 18, 2012, with appropriate credit for time served; and

3. **ADVISE** Movant that: (a) he has the right to an appeal; (b) if he is unable to pay the cost of an appeal, he may apply for *in forma pauperis* status to pursue the appeal; (c) if he so requests, the Clerk of this Court will prepare and file a notice of appeal on his behalf; (d) he has the right to counsel on appeal and, if he cannot afford counsel, an attorney will be appointed to represent him; and (e) with few exceptions, any notice of appeal must be filed within fourteen days of the date the Court reimposes its sentence in this case.

**SO RECOMMENDED** this 3 day of July, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE