IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CEPEDA BROUGHTON, | : | CRIMINAL ACTION NO. |
| | : | 1:11-cr-0130-AT |
| Movant, | : | |
| | : | CIVIIL ACTION NO. |
| v. | : | 1:12-cv-2217-AT |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

# **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation as to Movant Cepeda Broughton's motion pursuant to 28 U.S.C. § 2255 regarding the sentence he received after entering a plea of guilty to one count of bank robbery by force or violence, one count of carrying a firearm during the commission of an armed robbery, and one count of being a convicted felon in possession of a firearm [Doc. 46]. Also before the Court are the Government's objections thereto [Doc. 48] and Movant's reply to these objections [Doc. 49].

Fed. R. Crim. P. 59(b) provides that a magistrate judge may make recommendations and proposed findings of fact on dispositive matters referred by a district judge. A party who wishes to object to such recommendations by a

magistrate judge must "file specific written objections," and the "[f]ailure to object in accordance with [Rule 59(b)(2)] waives a party's right to review." Fed. R. Crim. P. 59(b)(2). Under Fed. R. Crim. P. 59(b)(3), the "district judge must consider de novo any objection to the magistrate judge's recommendation."

If no objections are filed to a magistrate judge's recommendation, the district judge reviews the report and recommendation for clear error and may "accept, reject, or modify" the magistrate's findings and recommendations. 28 U.S.C. § 636(b)(1). Where the parties do not file objections, 28 U.S.C. § 636 does not require the district court to review any issue in dispute de novo; however, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## I. Background

On March 22, 2011, Movant was indicted on charges of having committed bank robbery by force or violence (Count 1), having carried a firearm during an armed bank robbery (Count 2), and being a previously convicted felon in possession of a firearm (Count 3) [Doc. 6].[1] On September 7, 2011, Movant

---

[1] A criminal complaint against Movant was filed on March 10, 2011 [Doc. 1]. The grand jury returned a true bill of indictment on March 22, 2011.

pleaded guilty to Counts 2 and 3 of the indictment; on that date, Movant also pleaded guilty to Count 1 of the indictment as to violations of 18 U.S.C. § 2113(a) and (d) only [Doc. 27]. On January 18, 2012, Movant was sentenced to 186 months of imprisonment on Counts 1 and 3, to run concurrent, and an additional 84 months of imprisonment on Count 2, to run consecutive to the term of imprisonment imposed on Counts 1 and 3 [Doc. 41]. The total period of incarceration to which Movant was sentenced is 270 months.

Movant did not file an appeal of this sentence, and in his § 2255 motion, he contends that he instructed his counsel Mildred Dunn of the Federal Defender Program to file an appeal and identified at least one of the issues he sought to appeal [Doc. 45 at 4; Doc. 49 at 3]. Movant asserts that had counsel filed the appeal as instructed, the Court of Appeals for the Eleventh Circuit would have vacated his sentence and remanded the action, at which time the Government may have moved to dismiss the indictment with prejudice for lack of jurisdiction [Doc. 45 at 4-5]. In his § 2255 motion, Movant seeks to appeal his sentence out-of-time on grounds of ineffective assistance of counsel.

The Magistrate Judge recommends that Movant's § 2255 motion be granted for the sole purpose of reinstating his appeal rights [Doc. 46]. The Government objects to this recommendation on the basis that without an evidentiary hearing,

there is only Movant's assertion that his counsel disregarded his instruction to file an appeal, and that this constitutes insufficient grounds to support granting the § 2255 motion.

## II. Analysis

Movant contends that he expressly directed his counsel to file an appeal of his sentence, yet his counsel told him there were "no grounds for appeal and therefore she did not appeal or file notice of appeal" [Doc. 45-1 at 2]. The relief he seeks in his § 2255 motion is solely that of filing an out-of-time appeal. The Court finds that holding an evidentiary hearing would prove fruitless, as Movant has been in federal custody since March 9, 2011. In the context of Movant's specific allegations that he directed his counsel to file an appeal, an evidentiary hearing would likely result in a case of "he said, she said" between Movant and Ms. Dunn regarding the verbal conversations between the two.[2] Assuming the veracity of Movant's claim as to the notice of appeal, "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (internal quotation omitted). Consequently, Movant "is entitled to

---

[2] At the very least, a breakdown in communication occurred between Movant and his counsel, as Movant also asserts that his counsel failed to advise him prior to his entry of a guilty plea that his sentence could be enhanced under the Armed Career Criminal Act.

an out-of-time appeal." *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) (per curiam). Accordingly, the Court concurs with the Magistrate Judge's legal analysis in her Report and Recommendation. The Court therefore **OVERRULES** the Government's objections.

### III. Conclusion

The Court hereby **ADOPTS** the recommendation of the Magistrate Judge [Doc. 46] and **GRANTS** Movant's § 2255 motion [Doc. 45] for the sole purpose of reinstating his appeal rights. Pursuant to *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000):

(1) the criminal judgment in this action is **VACATED**;

(2) the sentence of imprisonment, supervised release, special assessment, and forfeiture imposed by this Court on January 18, 2012, is **REIMPOSED** as of the date of this order, with appropriate credit for time already served and sums of the special assessment that may have already been paid.

Movant's court-appointed counsel of record, attorney Mildred Dunn is **DIRECTED** to file a notice of appeal on Movant's behalf and to complete any financial arrangements and transcript orders required for the appeal. This matter is

**REFERRED** back to the Magistrate Judge for the limited purpose of appointing new counsel to represent Movant on appeal following Ms. Dunn's completion of the duties as outlined above.[3]

Movant's claim that his counsel failed, prior to entering a plea of guilty, to inform him that his sentence could be enhanced under the Armed Career Criminal Act is **DISMISSED WITHOUT PREJUDICE** .[4] Movant's request, contained within his reply to the Government's objections to the Report and Recommendation [Doc. 49], that this Court conduct a full and complete evidentiary hearing on matters of policies is **DENIED**.

The Clerk of the Court is **DIRECTED** to forward a copy of this order to Movant, the United States Attorney for the Northern District of Georgia, and attorney Mildred Dunn.

It is so **ORDERED** this 8th day of August, 2012.

                                                     _____
                                                   Amy Totenberg
                                                   United States District Judge

---

[3] Upon the Magistrate Judge's appointment of new counsel, Ms. Dunn's representation of Movant in this action is terminated.

[4] Movant asserts this claim in the affidavit attached to his § 2255 motion. The claim is not presented within the actual motion.